USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/13/2013

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
                       :

DAQUAN MCGRIFF,                                  12 Civ. 2863 (WHP)
                       :

           Plaintiff,                 MEMORANDUM & ORDER
                       :

   -against-
                       :

SERGEANT CIPOLLINI, *et al.*,
                       :

          Defendants.
                       :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

WILLIAM H. PAULEY III, District Judge:

        Plaintiff pro se Daquan McGriff brings this federal civil rights action against

several New York State correction officers for assault, destruction of property, and denial of

medical treatment. The Correction Officer defendants move to dismiss the complaint under Rule

12(b)(6) for failure to state a claim, failure to prosecute, and failure to exhaust administrative

remedies. For the following reasons, Defendants' motion to dismiss the complaint is granted.

## BACKGROUND

        McGriff is a New York State inmate at Upstate Correctional Facility. (Complaint,

dated April 2, 2012, ("Compl.") ¶ 1.) On March 21, 2012, while incarcerated at Downstate

Correctional Facility, McGriff alleges that Correction Officer Saitta "brutally twisted" his wrist

while escorting him from the shower. A few hours later, after receiving medical attention,

Correction Sergeant Cipollini and Correction Officers Saitta and Deacon allegedly assaulted

McGriff and denied him further medical treatment. (Compl. ¶ 2-3.) McGriff also alleges that on

March 22, 2012, he was beaten twice by unnamed correction personnel and then suffocated by

Sergeant Cipollini. (Compl. ¶ 3.) Thereafter, McGriff claims that he was prevented from filing a

1

written grievance because Correction Officer Sosa "threw my paperwork away, along with other property." (Compl. ¶ 4.)  When McGriff reported this to Sergeant Cipollini, the Sergeant told him to file another grievance but used salty language.  (Compl. ¶ 4.)  McGriff also addressed his concerns to the evening shift supervising sergeant who advised him to file a complaint "as well[,] yet she was professional about the advice." (Compl. ¶ 4.)  Despite this admonition, McGriff never filed a grievance using the proper channels, and, instead, wrote complaints to the Inspector General.  (Compl. ¶ 5.)

DISCUSSION

## I. Legal Standard

The factual allegations of a complaint are accepted as true and all reasonable inferences are drawn in the plaintiff's favor on a motion to dismiss under Rule 12(b)(6).  ECA Local 134 IBEW Joint Pension Trust Fund of Chi. v. JP Morgan Chase Co., 553 F.3d 187, 196 (2d Cir. 2009); Teamsters Local 445 Freight Div. Pension Fund v. Dynex Capital Inc., 531 F.3d 190, 194 (2d Cir. 2008).  "When the complaint involves a civil rights violation, as it does here, the standard is to be applied with particular strictness." Matson v. Bd. of Educ. of City Sch. Dist. of N.Y., 631 F.3d 57, 63 (2d Cir. 2011) (citation omitted).  To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 663, 678 (2009) (citation omitted); Ruston v. Town Bd. for Town of Skaneateles, 610 F.3d 55, 59 (2d Cir. 2010).  A claim cannot be grounded on mere suspicion but must rest on "factual allegations sufficient to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'  Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual

2

enhancement.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555). In determining the adequacy of a claim under Rule 12(b)(6), a court may consider allegations stated in the complaint, "documents appended to the complaint or incorporated in the complaint by reference, and . . . matters of which judicial notice may be taken." Allen v. WestPoint-Pepperell, Inc., 945 F.2d 40, 44 (2d Cir. 1991).

A pro se litigant's submissions are held to "less stringent standards than [those] drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). Courts "liberally construe pleadings and briefs submitted by pro se litigants, reading such submissions to raise the strongest arguments they suggest." Bertin v. United States, 478 F.3d 489, 491 (2d Cir. 2007) (internal quotation marks and citation omitted). Nevertheless, this Court need not accept as true "conclusions of law or unwarranted deductions of fact." First Nationwide Bank v. Gelt Funding Corp., 27 F.3d 763, 771 (2d Cir. 1994).

II. Failure to State a Claim.

McGriff makes only a single allegation against Correction Officer Melendez: "I would like to receive 'compensat[ion] in currency' from [ ] 'Officer Melendez' for unlawful assault." (Comp. ¶ 5). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. 544, 555). McGriff's threadbare recital of "unlawful assault" is insufficient. Therefore, McGriff's claim against Correction Officer Melendez is dismissed.

III. Failure to Exhaust Administrative Remedies

Under the Prison Litigation Reform Act of 1996 ("PLRA"), "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal

3

law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. §1997e(a).

Under the PLRA, "[e]xhaustion is no longer left to the discretion of the district court, but is mandatory." Woodford v. Ngo, 548 U.S. 81, 85 (2006). But "while the PLRA's exhaustion requirement is mandatory, certain caveats apply." Abney v. McGinnis, 380 F.3d 663, 667 (2d Cir. 2004) (internal citations omitted). Three factors determine exhaustion: (1) whether the administrative remedies were available to the inmate; (2) whether defendants' own actions prevent them from raising the defense of failure to exhaust; and (3) whether special circumstances justify the inmate's failure to comply with procedural requirements. Paese v. Hartford Life Accident Ins. Co., 449 F.3d 435, 445 (2d Cir. 2006).

"To be available under the PLRA, a remedy must afford 'the possibility of some relief for the action complained of.'" Abney, 380 F.3d at 667 (quoting Booth v. Churner, 532 U.S. 731, 738 (2001)). In making this determination, "courts should be careful to look at the applicable set of grievance procedures." Abney, 380 F.3d at 668.

The PLRA requires administrative exhaustion, "which means using all steps that the agency holds out, and doing so properly." Woodford, 548 U.S. at 90. Thus, even if an inmate files a valid grievance, all appeals must be exhausted in order to bring suit in federal court. Porter v. Nussle, 534 U.S. 516, 524-25 (2002) ("Congress enacted §1997e(a) to reduce the quantity and improve the quality of prisoner suits; to this purpose, Congress afforded correction officials time and opportunity to address complaints internally before allowing the initiation of a federal case."). Moreover, the grievance must, at least, allude generally to the named defendants or to their conduct. See Brownell v. Krom, 446 F.3d 305, 310 (2d Cir. 2006)

4

("The grievance may not be so vague as to preclude prison officials from taking appropriate measures to resolve the complaint internally.").

Here, McGriff alleges he was prevented from filing his grievance when Officer Sosa threw away his paperwork. (Comp. ¶ 4.) But he also asserts that Sergeant Cipollini later dared him to file a grievance, and, when McGriff asked the evening supervising sergeant for advice, she counseled him to put in a claim, and was "professional about the advice." (Compl. ¶ 4.) Instead of following her advice, McGriff wrote two letters to the Inspector General. (Comp. ¶ 5.)

In opposing this motion, McGriff alleges for the first time that (i) he filled out "numerous grievances"; (ii) Officer Sosa threw away his outgoing mail which included his "legal mail" that was going to the "Grievance Office"; and (iii) he was "moved to [U]pstate [C]orrectional [F]acility." (Notice of Opp'n to the Defs.' Mot. to Dismiss, dated Dec. 19, 2012.) McGriff never offers any details regarding these "numerous grievances" and does not explain why he did not re-file them. But McGriff was able to mail two improper complaint letters prior to filing this lawsuit. He was not foreclosed from pursuing a grievance through the proper channels and alleges no mitigating facts to explain his failure to do so. Because McGriff failed to exhaust his administrative remedies as required under the PLRA, his complaint is dismissed. Woodford, 548 U.S. at 90; Hemphill, 380 F.3d at 682.

IV. Failure to Prosecute

Although McGriff named "Mr. A. Sosa" as a defendant in this action, McGriff never served him. Accordingly, McGriff's claims against Correction Officer Sosa are dismissed for failure to prosecute. Fed. R. Civ. P. 41(b).

McGriff also asserts an unspecified claim against the "medical staff for [failure] to serve and protect as well as for corruption." (Compl. ¶ 5). McGriff has failed to identify the "medical staff," despite ample opportunity. Therefore, his unspecified claims against the medical staff are dismissed for failure to prosecute.

## CONCLUSION

For the foregoing reasons, Correction Officers Deacon, Saitta, Melendez, Sosa and Correction Sergeant Cipollini's motion to dismiss McGriff's complaint is granted. The Clerk of the Court is directed to terminate all pending motions, mark this case as closed, and enter judgment for Defendants. This Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. See Coppege v. United States, 369 U.S. 438 (1962).

Dated: March 13, 2013
       New York, New York

SO ORDERED:

WILLIAM H. PAULEY III
U.S.D.J.

6

*Copies to*:

Daquan McGriff
DIN# 12-a-0656
Upstate Correctional Facility
309 Bare Hill Road
P.O. Box 2001
Malone, New York 12953
*Plaintiff Pro Se*

*Counsel of Record*:

Jeb Harben, Esq.
Assistant Attorney General
120 Broadway, 24th Floor
New York, New York 10271
*Counsel for Defendants*